```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANTHONY MENDEZ,

                Plaintiff,
                                              04 Civ. 0559 (RWS)
     - against -
                                              O P I N I O N
THE CITY OF NEW YORK HUMAN RESOURCES
ADMIN., VERNA EGGLESTON, JOANN
SCHOONMAKER, JOSEPH SANTINO, and
VINCENT MARTINO,

                Defendants.
------------------------------------X
```

A P P E A R A N C E S:

    ANTHONY MENDEZ
    Plaintiff <u>Pro</u> <u>Se</u>
    150 Beach 61st Street
    Far Rockaway, NY 11692

    HONORABLE MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorneys for Defendants
    100 Church Street
    New York, NY 10007
    By:  CHAD I. ROSENTHAL, Assistant Corporation Counsel
         <u>Of</u> <u>Counsel</u>

**Sweet, D.J.,**

Non-party Verna Eggleston ("Eggleston") and defendant Joann Schoonmaker ("Schoonmaker") have moved pursuant to Rule 12(b)(6) to dismiss the complaint of pro se plaintiff Anthony Mendez ("Mendez") on the grounds that individual employees cannot be held liable pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). As set forth below, the motion is denied as to Eggleston and granted in part as to Schoonmaker.

**Prior Proceedings**

A complaint was filed in this action on January 30, 2004 against the City of New York (the "City"), the New York City Human Resources Department ("HRA"), HRA Director Joseph A. Santino ("Santino"), HRA Deputy Director Vincent Martino ("Martino"), and Joann Schoonmaker ("Schoonmaker"). The complaint appears to assert violations of Title VII, see 42 U.S.C. §§ 2000e et seq., and the New York State Human Rights Law ("NYSHRL").[1] See N.Y. Exec. L. §§ 290 et seq.

---

[1] Eggleston and Schoonmaker have stated that no specific causes of action are alleged in the complaint and that the action is presumed to have been brought pursuant to Title VII only. However, since the plaintiff is proceeding pro se, he is entitled to the presumption that he has asserted NYSHRL claims as well. See, e.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a district courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

On June 29, 2004, an order was entered granting Mendez thirty additional days in which to serve the defendants. On August 11, 2004, the Court dismissed the action without prejudice for failure to comply with Rule 4(m), Fed. R. Civ. P. By letter dated August 19, 2004, Mendez requested relief from the August 11, 2004 order, and on January 25, 2005, the Court vacated its August 11, 2004 dismissal.

The civil docket for this district reflects: (1) that HRA was served with the summons and complaint on August 19, 2004; (2) that Santino and Martino were served on September 17, 2004; and (3) that Schoonmaker was served on October 15, 2004. Pursuant to the January 25, 2005 order, this service is deemed timely in light of Mendez' pro se status.

On February 15, 2005, Eggleston and Schoonmaker moved to dismiss the complaint. On March 24, 2005, Mendez requested an extension of time in order to oppose the motion. The motion was marked as fully submitted without oral argument on March 30, 2005.

**Facts**

The following facts are drawn from the allegations contained in the complaint and the documents annexed thereto. All well-pleaded allegations are accepted as true for the purpose of this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The following statements do not constitute findings of the Court.

Mendez is a Puerto Rican man who has been employed by HRA as a painter since 1980. On or about December 2001, Mendez took an exam to become a supervisor of HRA painters, and he performed better on that exam than anybody else in his department. In March 2002, Santino, the director of trades for HRA, told Mendez that he would be promoted if he could prove that he had passed the exam. In October 2002, Mendez provided Santino with proof of his performance on the exam. At that time, Santino indicated that he needed to speak to James Neenan of HRA concerning Mendez' promotion. Mendez did not receive the promotion. HRA has never promoted a black or Latino man or a woman of any race to the position of supervisor of HRA painters. Rather, all individuals promoted to this position have been white men. Mendez has alleged that Santino, Neeman, and Schoonmaker conspired to prevent him from receiving the promotion that he sought and that they retaliated against him for making a prior employment discrimination complaint.

On March 4, 2003, Mendez filed charges concerning Defendants' conduct with: (1) the federal Equal Employment Opportunity Commission ("EEOC") and (2) the New York State Division of Human Rights and/or the New York Commission on Human Rights. On October 20, 2003, the EEOC issued a right to sue letter to Mendez.

## Discussion

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court should construe the complaint liberally, "accepting all

factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).

The Supreme Court has clarified the standard for dismissal as it relates to employment discrimination claims. In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), the Court, in reviewing this Circuit's use of a heightened pleading standard for discrimination claims brought under Title VII and the Age Discrimination in Employment Act (ADEA), held that a plaintiff bringing an employment discrimination claim is required only to comply with the liberal rules for notice pleading set forth in Fed. R. Civ. P. 8(a)(2). See id. at 507. The plaintiff must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[s]uch a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In considering Mendez' pleading and his other papers submitted in this matter, the Court is mindful that Mendez is proceeding pro se and that his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers. . . .'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993).

As an initial matter, it should be noted that Eggleston is not a party to this action. Therefore, her motion is denied in its entirety.

Mendez cannot state a claim under Title VII against Schoonmaker. It is well settled that there can be no individual liability under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) (holding that "an employer's agent may not be held individually liable under Title VII"). Therefore, Mendez' Title VII claims against Schoonmaker are dismissed.

However, the Tomka court also held that an employer's agent "who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the [NYS]HRL." Id. (citing, inter alia, Poulsen v. City of North Tonawanda, N.Y., 811 F. Supp. 884, 900 (W.D.N.Y. 1993); Bridges v. Eastman Kodak Co., 800 F.Supp. 1172, 1180-81 (S.D.N.Y. 1992); Wanamaker v. Columbian Rope Co., 740 F. Supp. 127, 135-36 (N.D.N.Y. 1990)). Although Schoonmaker has

6

to move for dismissal of these claims within twenty (20) days of entry of this opinion.

Finally, it should be noted that despite the fact that the docket reflects that Santino and Martino were served on September 17, 2004, the City has taken the position, on information and belief, that no such service has been affected. Santino and Martino are hereby directed to respond to the complaint within twenty (20) days of entry of this opinion.

It is so ordered.

New York, NY
May        , 2005

ROBERT W. SWEET
U.S.D.J.